UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04644-AH-(AGRx) | Date | August 7, 2025 **JS-6** |
| Title | *Yenisse Gonzalez v. Nissan North America, Inc. et al.* | | |

Present: The Honorable **Anne Hwang, United States District Judge**

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (DKT. No. 11)

Plaintiff Yenisse Gonzalez ("Plaintiff") moves to remand this case to the Los Angeles County Superior Court. Mot. to Remand, Dkt. No. 11. Defendant Nissan North America, Inc. ("Defendant") opposes the Motion. Opp'n, Dkt. No. 13. The Court deems the Motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED.

I.  **BACKGROUND**

This is a case brought under the Song-Beverly Consumer Warranty Act ("SBA"). *See generally* Compl., Dkt. No. 1-1. On December 8, 2020, Plaintiff Purchased a new 2021 Versa Nissan ("Subject Vehicle") for a total contract price of $30,770.16. *Id.* ¶ 10. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty, including to the tire pressure monitor system warning light illumination, the transmission jerking into gear, check engine warning light illumination, and other serious nonconformities to warranty. *Id.* ¶ 11. Plaintiff presented the Subject Vehicle on multiple occasions to Defendant's authorized

repair facilities for repair of the defects during the warranty period. *Id.* ¶ 12. Defendant was unable to conform the Subject Vehicle to warranty within thirty-days and/or commence repairs with a reasonable time. *Id.* ¶ 60.

The Complaint seeks actual damages, recission of the contract, attorney's fees, civil penalties, and other forms of relief. *See generally id.* at Prayer for Relief. Plaintiff initiated this proceeding in the Los Angeles County Superior Court, No. 25STCV11733. *See generally id.* Asserting diversity jurisdiction, Defendant removed the case to federal court. Notice of Removal, Dkt. No. 1.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* at §§ 1331, 1332(a). "Where…it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III.   DISCUSSION

Here, there does not seem to be a dispute as to whether the Parties are citizens of diverse states. Thus, the Court will analyze whether the amount in controversy exceeds the $75,000 threshold.

### A.   Actual Damages

"The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid…by a fraction having as

its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle to the…repair facility for correction of the problem[.]" Cal. Civ. Code § 1793.2(d)(2)(C).  "California courts have held that actual price paid or payable, includes all amounts plaintiffs become legally obligated to pay when they agreed to buy the vehicle." *Godoy v. Jaguar Land Rover N. Am., LLC*, 2024 WL 4682310, at *3 (N.D. Cal. Nov. 5, 2024) (quoting *Mitchel v. Blue Bird Body Co.*, 80 Cal.App.4th 32, 38 (2000)) (cleaned up).

Here, the total contract price of the Subject Vehicle is $30,770.16.  Compl. ¶ 10.  Plaintiff's use of the Subject Vehicle prior to the time it was first delivered for repair was 26,271 miles.  Hudson Decl. Ex. A at 2, Dkt. No. 13-2; Hudson Decl. Ex. B at 13, Dkt. No. 13-3.[1]  Moreover, Plaintiff was entitled to a manufacturer's rebate of $500.  Hudson Decl. Ex. A at 3.

Thus, the actual damages at issue here would be $23,553.80.[2]

### B.   Civil Penalties

The SBA permits recovery of a civil penalty "which shall not exceed two times the amount of actual damages."  Cal. Civil. Code § 1794(c).  This is only if the defendant's violations are willful.  *Id.*  Although district courts have found that civil penalties should be included in the amount in controversy if pled in the complaint, many other district courts do not include civil penalties "unless the removing defendant makes some showing regarding the possibility of civil damages."  *Savall v. FCA US LLC*, 2021 WL 1661051, at *3 (S.D. Cal. Apr. 28, 2021) (collecting cases).  "The civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019).  The "defendant must make some effort to justify the assumption."  *Estrada v. FC US LLC*, 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (internal quotation marks and citations omitted).

---

[1] The Court takes judicial notice of both these documents, despite Defendant not specifically requesting the Court take judicial notice.

[2] This is calculated by multiplying $30,770.16 by 26,271 divided by 120,000, which leads to an offset of $6,736.36 since the Subject Vehicle had 5 miles on the odometer at the time of purchase.  The Court also subtracted the $500 rebate Plaintiff was entitled to.  Thus, subtracting $6,736.36 and $500 from $30,770.16 leads to the final number of $23,553.80.

      The Court agrees that a defendant does not meet its burden of establishing the amount in controversy by a preponderance of the evidence without some allegation of willfulness that goes beyond boilerplate assertions that could possibly entitle Plaintiff to a civil penalty. If "boilerplate allegations [about willfulness] were sufficient to defeat remand, then virtually any [SBA] action involving a new vehicle purchase would remain in federal court." *Savall*, 2021 WL 1661051, at *3. "District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy." *Lopez v. Kia Am., Inc.*, 693 F.Supp.3d 1063, 1068 (C.D. Cal. 2023).

      Here, Defendant points to two sections of the Complaint that Defendant argues makes Plaintiff's Complaint more than boilerplate allegations regarding Defendant's willful violation of the SBA. Opp'n at 9. However, the Court still finds those allegations to be boilerplate and conclusory. *See* Compl. ¶¶ 16, 41. Moreover, Defendant argues that Plaintiff presented the Subject Vehicle for repair at least nine times and that based on Defendant's counsel's prior experience, plaintiffs in lemon law actions pursue civil penalties in such circumstances. Opp'n at 9. Defendant fails to explain how this action is similar to those cases, beyond noting they also involved lemon law claims. *See, e.g., Tecson v. Mercedes-Benz USA, LLC*, 2025 WL 1504444, at *3 (C.D. Cal. May 27, 2025) (remanding a case and finding civil penalties too speculative when "Defendant fails to explain how this action is similar to those cases [where courts awarded civil penalties under the SBA], beyond noting they also involved the Song-Beverly Act").

      Even if Defendant had carried its burden to show that a civil penalty should be included in the amount in controversy, Defendant also fails to prove "that it is reasonable to double the amount of actual damages in arriving at the size of the likely award." *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).

      Therefore, the Court finds civil penalties doubling the amount of actual damages to establish the amount in controversy are too speculative for inclusion in the Court's amount in controversy calculation.

### C. Attorney's Fees

The amount in controversy includes "attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citation omitted). A removing defendant, however, bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence[,]" and has to "make this showing with summary-judgment-type evidence[.]" *Fritsch*, 899 F.3d at 795 (citation omitted). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant submits a Declaration from Michael Saeedian, Plaintiff's counsel in this case, from a prior case he was involved with. Hudson Decl. Ex. C, Dkt. No. 13-4. Defendant then estimates the attorney's fees in this case based on the exact amount recovered in that prior case. Opp'n at 11.

However, Defendant only speculates that the attorney's fees in this matter will exceed a certain threshold and provides no explanation for the anticipated scope of discovery or litigation in this case. *See, e.g., D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (remanding where the defendant failed to "provide an estimate of the hours that will be incurred"). Defendant only argues that Plaintiff's counsel and the vehicles are identical in the two cases. Opp'n at 11. Accordingly, this alone is not enough to satisfy Defendant's burden. *See, e.g., Schneider v. Ford Motor Co.*, 441 F.Supp.3d 909, 914 (N.D. Cal. 2020) ("[a]ll that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same").

Accordingly, Defendant fails to meet its burden to show that the amount in controversy exceeds $75,000.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Remand. The case is remanded to the Los Angeles County Superior Court, No. 25STCV11733. The Court directs the Clerk of the Court to close the case.

**IT IS SO ORDERED.**